REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**MCGUIREWOODS LLP**
MARC A. LACKNER (SBN 111753)
JAMIE D. WELLS (SBN 290827)
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922
Email: mlackner@mcguirewoods.com
Email: jwells@mcguirewoods.com

Attorneys for TIBCO Software Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBCO SOFTWARE INC.<br><br>    Plaintiff,<br><br>vs.<br><br>GAIN CAPITAL GROUP, LLC; and Does 1 to 10 inclusive,<br><br>    Defendants. | CASE NO. 17-3313<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT (OVER-DEPLOYMENT)**<br>2. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>3. **BREACH OF CONTRACT (NOVEMBER 2016 ORDER FORM)**<br>4. **COPYRIGHT INFRINGEMENT** |

Plaintiff TIBCO Software Inc. ("TIBCO"), by and through its attorneys, brings this Complaint against Defendant GAIN Capital Group, LLC ("GAIN") and Does 1-10 (collectively "Defendants") and hereby alleges as follows:

### NATURE OF THE CASE

1. TIBCO brings this action seeking damages against GAIN for GAIN's breach of various agreements between the parties ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████, and GAIN's copyright infringement of said TIBCO software.

### PARTIES

2. At all times relevant hereto, TIBCO is a corporation, incorporated in Delaware and headquartered in California. TIBCO is the leading independent provider of software creating integration analytics and events processing software for companies around the world. TIBCO is headquartered in Palo Alto, California.

3. At all times relevant hereto, GAIN is a limited liability company registered and headquartered in New Jersey. GAIN provides over 140,000 retail and institutional investors with access to foreign exchange markets. Upon information and belief, at all times relevant hereto, no member of GAIN resided in California.

4. TIBCO is without sufficient information to specifically identify those persons named fictitiously herein as Does 1-10. TIBCO reserves the right to amend this Complaint to specifically identify those parties once their identities become known.

### JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 as it involves questions and issues under the United States Copyright Act. This Court also has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

6. This Court has personal jurisdiction over GAIN arising from its contacts with California, by which GAIN intentionally availed itself to the protections afforded under California

1  law, including but not limited to its entering into the contracts at issue here, with a California resident, executed in California, all of which were subject to California law, and to be performed, at least in part in California, as alleged below.

7. Venue is proper pursuant to 28 U.S.C. §1391(a) because TIBCO resides here, because GAIN receives a substantial amount of services and software from TIBCO in this District, because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because TIBCO was harmed in this District.

## GENERAL ALLEGATIONS

**The November 2008 Order Form and Terms and Conditions:**

8. On November 26, 2008, TIBCO and GAIN (collectively known as the "Parties") entered into an agreement, which included the Software License Terms and Conditions (the "November 2008 Terms and Conditions") and the Software License and Services Order Form (the "November 2008 Order Form"). Both Parties executed the agreement on or about November 25, 2008. A true and correct copy of the November 2008 Order Form and the November 2008 Terms and Conditions are attached hereto and incorporated herein as **Exhibit A**.

9. Under the terms of the November 2008 Order Form, GAIN licensed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

10. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

11. Paragraph ▇ of the November 2008 Terms and Conditions provides that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

12. Paragraph ▇ of the November 2008 Terms and Conditions provides that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

3
PLAINTIFF'S COMPLAINT

1 ████████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████████

5 ██████████████████████████████████████████.

6     13. Paragraph ███ of the November 2008 Terms and Conditions provides that ███

7 ████████████████████████████████████████████████████████████

8 ██████.

9     14. Paragraph ███ of the November 2008 Terms and Conditions provides that ███

10 ████████████████████████████████████████████████████████████

11 ██████████████████████████████████████████.

12     15. Paragraph ███ of the November 2008 Terms and Conditions provides that ██

13 ████████████████████████████████████████████████████████████

14 ████████████████████████████████████████.

**The December 2010 Order Form:**

16. On or about December 31, 2010, the Parties entered into an agreement whereby GAIN licensed ████████████████████████████████████████ ████████████████ (the "December 2010 Order Form"). Both Parties executed the agreement on or about December 22, 2010. A true and correct copy of the December 2010 Order Form is attached hereto and incorporated herein as **Exhibit B**.

17. ████████████████████████████████, ████████████████████████ ████████████████████ ████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████.

18. ████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████.

19. ███████████████████████, on or around December 30, 2012, GAIN provided TIBCO with its End of Term Deployment Report, ███████████████

████████████████████████████████████████████████████████████

██████████████████████████████ .

**The Amended Software License Terms and Conditions:**

20. On November 15, 2012, the Parties executed an Amended Software License Terms and Conditions (the "Amendment"), ███████████████████████████████

████████████████████████████████████████████ . A true and correct copy of the Amendment is attached hereto and incorporated herein as **Exhibit C.**

**The Audit:**

21. On May 18, 2016, ███████████████████████████████████ ████████ , TIBCO notified GAIN of its intent to audit GAIN's compliance and initiated the audit procedure.

22. In or around May 2016, TIBCO retained KPMG, LLP ("KPMG"), as an independent auditor to conduct an on-site audit of GAIN's deployment and use of TIBCO software, ██████████████████████████████████████████ .

23. From in or around May 2016 until in or around August 2016, GAIN delayed the audit by refusing to comply with audit procedures, including failing to provide a list of available dates for the audit and failing to produce documentation evidencing the TIBCO software GAIN deployed.

24. On August 23, 2016 and August 24, 2016, KPMG conducted an on-site audit of GAIN. As a result of the audit, KPMG produced a final deployment report which indicated that GAIN had substantially over-deployed TIBCO software.

**The Bill of Materials:**

25. Following the audit, on October 20, 2016, TIBCO sent GAIN written correspondence, which set forth the numerous TIBCO products that KPMG found GAIN to have over-deployed without license. Specifically, TIBCO advised GAIN that it had over-deployed TIBCO software ████████████████████████████████████████

1 ██████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████████

5 ███████████████. As such, TIBCO requested that GAIN place its true-up order within 10

6 business days of October 20, 2016.

7     26. On that day, TIBCO also sent GAIN a Bill of Materials, ███████████

8 ██████████████████████████████████████████████████████████

9 ██████████████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████████

11 ██████████████████████████████████████████████████████████

12 ██████████████████████████████████████████████████████████

13 ██████████████████████████████████████████████████████████

14 ██████████████████████████████████████████████████████████

15 ████████████████████████████████████. A true and correct copy of the October 20, 2016

16 correspondence and accompanying Bill of Materials is attached hereto and incorporated herein as

17 **Exhibit D**.

18     27. GAIN did not pay the Bill of Materials.

19 **The November 2016 Order Form:**

20     28. On or about November 15, 2016, the Parties executed an order form ████████

21 ██████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████ (the "November

23 2016 Order Form"). A true and correct copy of the November 2016 Order Form is attached hereto

24 and incorporated herein as **Exhibit E.**

25     29. ████████████████████████████████████████████████

26 ██████████████████.

27 //

28 //

**GAIN's Failure to Pay on the November 2016 Order Form:**

30. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. True and correct copies of Invoice 1 and Invoice 2 are attached hereto and incorporated herein as **Exhibit F** and **Exhibit G**.

31. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

32. GAIN failed to pay TIBCO ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

33. Due to GAIN's failure to submit the outstanding balance to TIBCO, TIBCO sent GAIN a demand letter on February 6, 2017 (the "February 6, 2017 Demand Letter") ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. A true and correct copy of the February 6, 2017 Demand Letter is attached hereto and incorporated herein as **Exhibit H**.

34. Due to GAIN's continued failure to submit the outstanding balance to TIBCO and failure to respond to the February 6, 2017 Demand Letter, TIBCO sent GAIN a further demand letter on February 27, 2017 (the "February 27, 2017 Demand Letter") ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. A true and correct copy of the February 27, 2017 Demand Letter is attached hereto and incorporated herein as **Exhibit I**.

35. To date, GAIN has failed to pay any of the amounts due ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

**FIRST CLAIM FOR RELIEF**

**BREACH OF CONTRACT (OVER-DEPLOYMENT)**

**(As to all Defendants)**

36. TIBCO refers to and incorporates herein by reference Paragraphs 1 through 35.

37. As recited above, beginning in November 2008, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1 ██████████████████████████████████████████████████████.

2     38.   ██████████████████████████████████████

3 ████████████████████████████████.

4     39.   In August 2016, KPMG conducted an on-site audit of GAIN. As a result of the

5 audit, KPMG confirmed that GAIN had over-deployed TIBCO software ██████████

6 ██████████████████████████████████████████████████████

7 ██████████████████████████████████████████████████

8 ████████████████████████████████.

9     40.   GAIN's ████████████████████████████████████, caused damage

10 to TIBCO in an amount to be proven at trial, but not less than ████████.

11 **SECOND CLAIM FOR RELIEF**

12 **BREACH OF THE IMPLIED COVENANT**

13 **OF GOOD FAITH AND FAIR DEALING**

14 **(As to all Defendants)**

15     41.   TIBCO refers to and incorporates herein by reference Paragraphs 1 through 40.

16     42.   Under California law, there is an implied covenant that neither party will take any

17 action that would deliberately deprive the other of the benefits of the agreement, and a duty to

18 exercise its discretion under a contract in good faith and in accordance with fair dealing.

19     43.   As recited above, beginning in November 2008, ████████████████

20 ██████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████████.

22     44.   In August 2016, KPMG conducted an on-site audit of GAIN. As a result of the

23 audit, KPMG confirmed that GAIN had over-deployed TIBCO software ██████████

24 ██████████████████████████████████████████████████████

25 ██████████████████████████████████████████████████

26 ████████████████████████████████.

27     45.   GAIN's over-deployment ████████████████████████████ caused damage

28 to TIBCO in an amount to be proven at trial, but not less than ████████.

8
PLAINTIFF'S COMPLAINT

46. By continuing to deploy and use TIBCO software without a license, and by failing to pay TIBCO for GAIN's over-deployment, GAIN has deliberately deprived TIBCO ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and has failed to act in good faith and in accordance with fair dealing.

### THIRD CLAIM FOR RELIEF

### BREACH OF CONTRACT (NOVEMBER 2016 ORDER FORM)

### (As to all Defendants)

47. TIBCO refers to and incorporates herein by reference Paragraphs 1 through 46.

48. In November 2016, the Parties entered into the November 2016 Order Form, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. See **Exhibit E**.

49. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

50. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

51. On November 22, 2016, TIBCO issued Invoice 1 in the amount of ▮▮▮▮▮▮ and on November 30, 2016, TIBCO issued Invoice 2 in the amount of ▮▮▮▮▮▮ to GAIN ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

52. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

53. To date, GAIN has not paid TIBCO ▮▮▮▮▮▮▮▮▮▮ despite repeated demands from TIBCO, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, causing TIBCO damage thereby.

### FOURTH CLAIM FOR RELIEF

### COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 et. seq.

### (As to all Defendants)

54. TIBCO refers to and incorporates herein by reference Paragraphs 1 through 53.

55. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("the Copyrighted Works") have all been duly registered with the United States

1 Copyright Office.

56. At least one version of each of ███████████████████████████ ███████████████████████████████ was registered with the United States Copyright Office at least two years before the 2016 audit.

57. ████████████████████████████████████████████████ ██████████.

58. ████████████████████████████████████████, GAIN was not authorized to make any copies of the Copyrighted Works, use or deploy those works, put copies of those works on any computers or servers ███████████████, create derivatives of those works, or otherwise distribute those works.

59. ████████████████████████████████████, GAIN did indeed, without authorization, make copies of the Copyrighted Works, use and deploy those works, put copies of those works on computers or servers ███████████████, create derivatives of those works, and/or otherwise distribute those works.

60. GAIN's infringement of the Copyrighted Works was willful.

61. TIBCO has been actually harmed by GAIN's infringement, including without limitation through ████████████████████████████████████████ ███████████████████████████.

62. Upon information and belief, GAIN has obtained profits attributable to its infringement of the Copyrighted Works.

63. Absent an injunction, TIBCO will continue to be harmed by GAIN's infringement, and the monetary damages available are insufficient to fully rectify the harm at issue.

**PRAYER FOR RELIEF**

WHEREFORE, TIBCO prays for judgment as to each of its four claims for relief against GAIN as follows:

1. For damages according to proof;

2. For all damages available under the Copyright Act, including, at TIBCO's election, either actual damages and disgorgement of profits, or the maximum statutory damages allowed;

3. For a permanent injunction, stopping GAIN and its employees, officers, parents, subsidiaries, and agents from using the Copyrighted Works;

4. For pre-judgment and post-judgment interest at the legal rate;

5. For reasonable attorney's fees, and other costs of suit herein incurred; and

6. For such other and further relief as the Court may deem just and proper.

DATED: June 1, 2017      MCGUIREWOODS LLP


By: */s/ Jamie D. Wells*
Jamie D. Wells
Attorneys for Plaintiff
TIBCO Software Inc.

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

# EXHIBIT A
# Exhibit Redacted In Full

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

# EXHIBIT B
# Exhibit Redacted In Full

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

# EXHIBIT C
# Exhibit Redacted In Full

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

# EXHIBIT D
# Exhibit Redacted In Full

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

# EXHIBIT E
# Exhibit Redacted In Full

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

# EXHIBIT F
# Exhibit Redacted In Full

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

# EXHIBIT G
# Exhibit Redacted In Full

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

# EXHIBIT H
# Exhibit Redacted In Full

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

# EXHIBIT I
# Exhibit Redacted In Full