UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIBCO SOFTWARE INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>GAIN CAPITAL GROUP, LLC,<br><br>    Defendant. | Case No. 17-cv-03313-EJD (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE PLAINTIFF'S MOTION TO COMPEL DOCUMENTS**<br><br>Re: Dkt. No. 86 |

On July 27, 2018, the parties submitted a joint discovery letter regarding plaintiff TIBCO Software Inc.'s ("TIBCO") motion to compel defendant GAIN Capital Group, LLC ("GAIN") to produce documents in response to TIBCO's Request for Production No. 15.[1] Dkt. No. 86. Both parties request a hearing on this dispute. However, the Court finds that the dispute may be decided on the papers without a hearing.

Having reviewed the parties' submissions, the Court denies TIBCO's motion to compel, as set forth below.

I.     **BACKGROUND**

TIBCO provides enterprise software for data analytics and event-processing. GAIN provides online trading services. Dkt. No. 43. In this action, TIBCO alleges that it licensed certain software to GAIN during a limited term, but that GAIN deployed the TIBCO software outside that term in violation of the license agreements. TIBCO sues GAIN for breach of contract, breach of the covenant of good faith and fair dealing, and copyright infringement. *Id.*

---

[1] The parties' joint submission also addresses a dispute concerning TIBCO's Interrogatories Nos. 8 and 9 to GAIN, but the parties advise that this dispute has been resolved. Dkt. No. 89.

GAIN denies TIBCO's allegations, and counterclaims against TIBCO for fraud in the inducement, negligent misrepresentation, unfair competition, rescission based on unilateral mistake, and rescission based on mutual mistake. Dkt. No. 72.

In discovery, TIBCO seeks documents responsive to a request which asks for "All Communications between You and GAIN U.K., related to the subject matter of this lawsuit." Dkt. No. 86, Ex. B (Request for Production No. 15). The parties have not attached the portion of the discovery request at issue that includes the definitions for "You" and "GAIN U.K." However, their submission reflects that "You" refers to Gain Capital Group, LLC, the defendant in this action, and "GAIN U.K." refers to GAIN Capital Limited U.K., which appears to be a separate affiliated company based in the United Kingdom. Dkt. No. 86 at 3, 6.

GAIN does not object to producing communications between GAIN and GAIN U.K. Rather, the crux of the parties' dispute is a disagreement about what the "subject matter of this lawsuit" is. TIBCO asserts that the subject matter of the lawsuit is broad enough to encompass deployment of TIBCO software by GAIN U.K., and any communications related to such deployment. *Id.* at 3. GAIN responds that the subject matter of the lawsuit is limited to the software licenses and alleged software licenses executed in 2008, 2010, and 2016, the software that is the subject of those licenses or alleged licenses, and the over-deployment or unauthorized use of that software by GAIN Capital Group, LLC. *Id.* at 6.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a party may discover any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *Id.*

## III. DISCUSSION

It is clear from the allegations in the first amended complaint that all of TIBCO's claims in

this action are limited to conduct by GAIN Capital Group, LLC, the named defendant. Dkt. No. 43. In addition, TIBCO's breach of contract claims (claims 1 and 3) are limited to specific software that it contends GAIN over-deployed in violation of the license agreements, or for which GAIN has not paid pursuant to the terms of an alleged license agreement. Similarly, TIBCO's copyright infringement claim (claim 4) is limited to the specific software TIBCO alleges GAIN deployed without permission under the license agreements. Finally, TIBCO's claim for breach of the covenant of good faith and fair dealing (claim 2) is limited to GAIN's conduct with respect to the audit TIBCO sought to conduct and did conduct in 2016.

The first amended complaint is not specifically limited to conduct occurring in the United States, although the audit that is the source of many of TIBCO's factual allegations appears to have encompassed only GAIN's deployment of TIBCO software in the United States. In addition, with respect to copyright infringement, the first amended complaint contains no allegations of unauthorized copying or use of TIBCO software that would support a claim for infringement of TIBCO's U.S. copyrights by conduct occurring outside the United States. *See Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1095–96 (9th Cir. 1994) (en banc) (the Copyright Act does not apply extraterritorially); *Allarcom Pay Television Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 387 (9th Cir. 1995) ("In order for U.S. copyright law to apply, at least one alleged infringement must be completed entirely within the United States . . . ."). GAIN's defenses and counterclaims concern the same license agreements and alleged license agreements between GAIN and TIBCO for specific software, the conduct of the audit, and communications with TIBCO about those matters.

With respect to TIBCO's Request for Production No. 15, the Court finds that relevant and proportionate discovery of communications between GAIN and GAIN U.K. about "the subject matter of this lawsuit" should be limited to communications between GAIN and GAIN U.K., in GAIN's possession, custody, or control, related to: (i) GAIN's alleged breach of the agreements or alleged agreements identified in the first amended complaint, (ii) GAIN's alleged breach of the covenant of good faith and fair dealing with respect to conduct of the audit, (iii) GAIN's alleged over-deployment and unauthorized use of the specific software identified in the first amended

3

complaint.  TIBCO's discovery with respect to this request may not extend to conduct by GAIN U.K., which is not at issue in the case.

The Court finds no allegations of conduct occurring outside the United States in the operative pleadings.  However, if TIBCO can plausibly show that some of the alleged conduct by GAIN that forms the basis of its claims *as currently pled* occurred outside the United States, and therefore warrants a broader scope of discovery, it shall confer with GAIN regarding such discovery and, if necessary, may submit the dispute to this Court for resolution in accordance with the undersigned's discovery dispute resolution procedures.

**IT IS SO ORDERED.**

Dated: August 31, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4