UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIBCO SOFTWARE INC., <br> Plaintiff, <br> v. <br> GAIN CAPITAL GROUP, LLC, <br> Defendant. | Case No. 17-cv-03313-EJD (VKD) <br><br> **ORDER RE DISCOVERY DISPUTE RE DEFENDANT'S SUBPOENA TO KPMG** <br><br> Re: Dkt. No. 87 |

On July 27, 2018, the parties submitted a joint discovery letter regarding a dispute concerning defendant GAIN Capital Group, LLC's ("GAIN") subpoena to non-party KPMG LLP ("KPMG"). Dkt. No. 87. Plaintiff TIBCO Software Inc. ("TIBCO") seeks a protective order barring GAIN from obtaining certain discovery from KPMG. Both parties request a hearing on this dispute. However, the Court finds that the dispute may be decided on the papers without a hearing.

Having considered the parties' submissions, the Court grants in part and denies in part TIBCO's motion for a protective order, as set forth below.

## I. BACKGROUND

In this action, TIBCO alleges that it licensed certain software to GAIN during a limited term, but that GAIN deployed the TIBCO software outside that term in violation of its license agreements with TIBCO. TIBCO sues GAIN for breach of contract, breach of the covenant of good faith and fair dealing, and copyright infringement. Dkt. No. 43. TIBCO's allegations of over-deployment and unauthorized use of the software by GAIN are based in large part on an audit conducted in 2016 at TIBCO's request by KPMG, an accounting firm. *Id.*

GAIN denies TIBCO's allegations, and counterclaims against TIBCO for fraud in the

inducement, negligent misrepresentation, unfair competition, rescission based on unilateral mistake, and rescission based on mutual mistake. Dkt. No. 72. According to GAIN, KPMG did not perform the audit correctly, and TIBCO deliberately gave KPMG incorrect instructions on how to conduct the audit so that KPMG was certain to conclude that GAIN had exceeded the permissible scope of its licenses for TIBCO software. Dkt. No. 87 at 4.

On June 13, 2018, GAIN served a subpoena seeking document and deposition discovery from KPMG. The following document requests are at issue:

> Request for Production No. 6: Documents sufficient to show the number of audits TIBCO instructed KPMG to perform on TIBCO's customers Regarding TIBCO's customers' deployment of TIBCO software and the identity of the TIBCO customers audited.
>
> Request for Production No. 7: All Communications for June 1, 2013 to the present between KPMB and TIBCO Regarding audits that TIBCO instructed KPMG to perform Regarding deployment of TIBCO software.
>
> Request for Production No. 8: Documents sufficient to show the methods and results of all audits that KPMG has performed since June 1, 2013 Regarding deployment of TIBCO software.
>
> Request for Production No. 9: All license position reports, or Documents constituting the final findings, of KPMG's audits that KPMG has performed since June 1, 2013 Regarding deployment of TIBCO software.
>
> Request for Production No. 10: All fee agreements and agreements for services between TIBCO and KPMG.

The following deposition topics are also at issue:

> Topic 4: KPMG's relationship with TIBCO, including the nature and scope of its work for TIBCO and other audits of TIBCO software deployment that KPMG has performed or will perform at TIBCO's direction.
>
> Topic 5: The results of all audits conducted by KPMG Regarding TIBCO software deployment from June 1, 2013 to the present.
>
> Topic 6: Fees KPMG has charged TIBCO for the KPMG Audit and any other audit of TIBCO software deployment.

*Id.*, Ex. A. The Court understands that neither TIBCO nor KPMG objects to the remaining document requests and deposition topics in the subpoena.

TIBCO moves for a protective order on the grounds that the discovery GAIN seeks is not

2

1 relevant to any claim or defense in the case, and that it violates TIBCO's and its customers' rights
2 to privacy and confidentiality. Dkt. No. 87 at 2–3.

KPMG, the entity to whom the subpoena is directed, does not seek a protective order. Instead, it writes separately (and unhelpfully) to advise the Court that it takes no position on the pending dispute, except to say that it does object to the discovery GAIN seeks and wishes to preserve the ability to raise its own objections in the future. Dkt. No. 91. KPMG apparently considers TIBCO's request for a protective order a mere "threshold issue" rather than one that actually requires the Court to resolve the question of whether the discovery should or should not be permitted.

## II. LEGAL STANDARD

The Court may enter a protective order under Rule 26(c) to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. If the Court denies a motion for a protective order, in whole or in part, the Court may order the person to provide or permit the discovery at issue. Fed. R. Civ. P. 26(c)(2).

The scope of discovery permitted by subpoena under Rule 45 is the same as that permitted under Rule 26. *See* Fed. R. Civ. P. 45, advisory committee notes to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). Accordingly, for purposes of assessing TIBCO's challenge to GAIN's subpoena to KPMG, the Court measures the discovery sought against the requirements of Rule 26(b)(1). GAIN bears the burden of demonstrating that the discovery it seeks is both relevant to the claims or defenses in the action and proportional to the needs of the case.

## III. DISCUSSION

GAIN's primary justification for seeking discovery of information concerning KPMG's relationship with TIBCO and its other TIBCO-related audits is GAIN's conviction that TIBCO instructed KPMG to conduct the audit using a methodology that was incorrect, unfair to GAIN, and intended to generate results reflecting unauthorized use of TIBCO software. Dkt. No. 87 at 4. GAIN is correct that some discovery of KPMG is relevant to its defenses and counterclaims in this case, particularly as it relates to the methodology used by KPMG to conduct the audit and the

instructions provided by TIBCO to KPMG. For example, whether KPMG used a different methodology to audit GAIN's deployment of TIBCO software than it used to audit other customers' use of the same software is relevant to GAIN's claim that TIBCO deliberately instructed KPMG to use a methodology that would incorrectly yield findings of unauthorized use by GAIN. However, some of the discovery GAIN seeks is not relevant to its defenses and counterclaims, nor is it proportionate to the needs of the case. For example, whether KPMG used a particular methodology to audit other customers' use of *different* software has little or no relevance to any issue in the case. The lengthy time period covered by most of the requests and topics, and the fact that they implicate the business interests of non-parties, also means that responding requires KPMG to search for and collect material going back ten years, and potentially also requires KPMG to obtain the consent to produce from other non-parties who were the subject of the audits.[1]

GAIN argues that it requires broad discovery of KPMG's practices and of its relationship with TIBCO, because TIBCO has a pattern and practice of using KPMG to conduct audits that set up customers for "extortionate claims of overdeployment that amounts to fraud." Dkt. No. 87. That contention is rather far afield from the operative allegations in GAIN's counterclaim, which are limited to TIBCO and KPMG's conduct with respect to the 2016 audit of GAIN. GAIN's fraud claims are required to be pled with particularity under Rule 9(b).[2] Fed. R. Civ. P. 9(b).

TIBCO argues that none of the disputed discovery should be permitted because it implicates the privacy and confidentiality interests of TIBCO and its other customers. Dkt. No. 87 at 4. The Court is not persuaded that the discovery GAIN seeks implicates any constitutional right of privacy of TIBCO or its customers, nor has TIBCO identified any matters protected from disclosure by a constitutional right of privacy. GAIN's subpoena likely does seek discovery of confidential business information of TIBCO, KPMG, and/or TIBCO's customers. The appropriate

---

[1] Neither KPMB nor TIBCO supplies any information to the Court about the nature and extent of the burden this response might entail.

[2] GAIN also says the discovery supports its affirmative defense of "unclean hands." No factual allegations are pled in support of this affirmative defense.

4

1 production and use of such information may be ensured by designating material under the
2 protective order in this case, or by means of the redactions GAIN suggests. *See* Dkt. No. 87 at 6
3 n.3.

Accordingly, with respect to the disputed document requests in the subpoena to KPMG, the Court finds that the following discovery is permissible:

1. GAIN may obtain discovery of documents sufficient to show the methodology used by KPMG to conduct audits of one or more of the TIBCO software products at issue in this case, including documents showing the results of audits using that methodology. This discovery is limited to audits conducted beginning January 1, 2013 to the present.[3]

2. GAIN may obtain discovery of all communications between TIBCO and KPMG regarding instructions for conducting the audit, the actual conduct of the audit, the methodology to be used to conduct the audit, and the methodology actually used to conduct the audit for all audits of one or more of the TIBCO software products at issue in this case. This discovery is limited to audits conducted beginning January 1, 2013 to the present.

3. GAIN may obtain discovery of documents sufficient to show the complete engagement or business arrangement between TIBCO and KPMG pursuant to which KPMG conducted the 2016 audit of GAIN. If there is a general engagement or general business arrangement between TIBCO and KPMG, such as a master agreement, that encompasses or applies to the work KPMG performed for TIBCO in connection with the 2016 audit of GAIN, GAIN may obtain discovery of documents sufficient to show that engagement or arrangement, as well.

With respect to the disputed deposition topics in the subpoena to KPMG, GAIN may question a representative or representatives of KPMG on the same subject matter that the Court finds permissible for document discovery of KPMG. GAIN's questioning need not be limited to

---

[3] If any portion of the audit is conducted on or after January 1, 2013, GAIN may obtain documents within the scope of discovery permitted by the Court that bear on that audit, even if those documents are dated before January 1, 2013.

5

particular documents produced, however. For example, if it wishes, GAIN may inquire about the methodology used by KPMG to conduct audits of one or more of the TIBCO software products at issue in this case during the period of time from January 1, 2013 to the present without reference to any particular document.

GAIN may not obtain discovery of audits or the results of audits regarding other TIBCO customers' use of other TIBCO software that is not at issue in the case, or of communications between KPMG and TIBCO regarding such audits or the results of such audits. GAIN also may not obtain discovery of TIBCO and KPMG's engagement agreements or business arrangements that have nothing to do, directly or indirectly, with KPMG's work on the 2016 audit of GAIN.

**IT IS SO ORDERED.**

Dated: August 31, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge